UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLOS ALEXIS LAYVA LOPEZ,

          Petitioner,

    v.                                 Case No.:  2:26-cv-294-SPC-DNF

MATTHEW MORDANT *et al.*.

          Respondents,

_____/

## OPINION AND ORDER

Before the Court are Carlos Alexis Layva Lopez's Petition for Writ of Habeas Corpus (Doc. 1), the federal government's response (Doc. 5), and Layva Lopez's reply (Doc. 6).  For the below reasons, the Court grants the petition.

Layva Lopez is a native and citizen of Cuba who entered the United States on February 2, 2022, and was detained by immigration officials.  The Department of Homeland Security ("DHS") issued a notice to appear and released Layva Lopez on his own recognizance.  Layva Lopez has no criminal history other than minor traffic violations, he has attended all immigration appointments, and he applied for asylum.

On October 8, 2025, Layva Lopez appeared at a Miami immigration court for a hearing on his removal case and asylum claim.  DHS moved to dismiss the proceeding, and the immigration judge granted the request.  When Layva Lopez left the courtroom, Immigration and Customs Enforcement ("ICE")

agents arrested him without explanation, access to counsel, notice, or an opportunity to be heard. Layva Lopez is currently detained at Alligator Alcatraz, and he has no upcoming immigration hearings.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225. As the respondents acknowledge, the Court rejected these arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Layva Lopez's detention is not governed by § 1225(b)(2). But unlike the prior cases, Layva Lopez's detention is not covered by § 1226 either. § 1226 allows the government "to detain certain aliens already in the country pending the outcome of removal proceedings[.]" *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). An immigration judge dismissed the removal proceeding against Layva Lopez at the government's request in 2025. No new removal

2

proceedings have been commenced, and the respondents present no evidence that removal proceedings are forthcoming.

In short, Layva Lopez made a *prima facie* case that his detention lacks any legal justification, and the government fails to demonstrate a lawful basis for detention.

Accordingly, it is hereby

**ORDERED**:

Carlos Alexis Layva Lopez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1.    The respondents shall release Layva Lopez from custody within 24 hours of this Order. The respondents shall facilitate Layva Lopez's transportation from the detention facility by notifying his counsel when and where he can be collected.

2.    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on February 26, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1